IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CAROL MOODY                                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO.: 4:21-cv-50-MPM-JMV

LIFE HELP MENTAL HEALTH                                                        DEFENDANT

### ORDER

On December 16, 2021, this Court entered a Show Cause Order [45] requiring Plaintiff to show excusable neglect for failure to timely serve Defendant Life Help Mental Health. Plaintiff filed its response [47] on December 22, 2021, as did Defendant [48]. For the reasons detailed herein, Plaintiff will be granted five business days from the entry of this order in which to serve Defendant Life Help with a summons and a copy of the operative complaint [1], and file proof of same on the docket. Failure to do so will result in a report and recommendation that this case be dismissed.

### Plaintiff's Response [47] to the Court's Show Cause Order

In her response to the Court's show cause order [45], Plaintiff cites to unexecuted returns, email correspondence with counsel for Life Help, and prior obligations in an attempt to show excusable neglect. Plaintiff also cites to *Shepard v. Cleveland Sch. Dist.*, 2018 U.S. Dist. LEXIS 206978 (N.D. Miss. Dec. 7, 2018), in support of her argument that her delay was not significant. Lastly, Plaintiff requests that this Court deem the executed waiver of service [39] as valid.

### Defendant's Response [48] to the Court's Show Cause Order

The Defendant correctly notes that nowhere in Plaintiff's Show Cause Response does she identify any attempts post-July 16, 2021, to serve process. However, Plaintiff's reference to attempts at service pre-dating the July 16, 2021, Text Order do reflect that Plaintiff was attempting

1

to serve a different entity than Region VI. Defendant argues that it will suffer prejudice due to the Plaintiff's claims of wrongful conduct occurring as far back as July 2019 and earlier.

### Excusable Neglect under Federal Rule of Civil Procedure 6(b)

As the undersigned detailed in her order to show cause, "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.,* citing *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 161 n. 8 (5th Cir. 2006). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *Id.,* citing *McCarty v. Thaler,* 376 F. App'x 442, 443–44 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 894–98 (1990)).

### Analysis

The Court has considered the reasons cited by Plaintiff for failure to timely serve process, along with the Defendant's rebuttal. In response to the Plaintiff's citation to *Shepard,* 2018 U.S. Dist. LEXIS 206978 (N.D. Miss. Dec. 7, 2018), in support of her argument that her delay was not significant, the Court declines to find the delay excused in *Shepard* analogous to the instant case. Here, Plaintiff had already been granted an additional 60 days to complete service of process upon Defendant when the neglect occurred.

Furthermore, Plaintiff's request that the Court deem the executed waiver of service [39] as valid will be denied. As detailed in this Court's show cause order, not only did Plaintiff send the waiver out of time, on September 16, 2021, but she also served the Defendant with an amended

complaint that has since been stricken from the record. Such facts prevent deeming the executed waiver of service as valid in this case.

While the Court declines to take the leap to find that Plaintiff has shown excusable neglect, the Court, in its discretion, will allow Plaintiff five (5) business days from the date of entry of this Order in which to serve Defendant Life Help with a summons and a copy of the operative complaint [1], and file proof of same on the docket. Failure to do so will result in a report and recommendation that this case be dismissed.

**IT IS, THEREFORE, ORDERED:**

1. That within five (5) business days from entry of this order, or January 21, 2022, Plaintiff must serve Defendant Life Help with a summons and a copy of the operative complaint [1], and file proof of same on the docket; and

2. That Plaintiff is warned that failure to timely comply with this order will result in a report and recommendation that this case be dismissed.

**SO ORDERED** this, the 13th day of January, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**