IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CAROL MOODY**                                                                                               **PLAINTIFF**

**V.**                                              **NO: 4:21CV50-M-JMV**

**REGION IV COMMUNITY MENTAL
HEALTH COMMISSION d/b/a LIFE**                                              **DEFENDANTS**
**HELP MENTAL HEALTH, ROSIE
BROWNLOW, and ANGELA CARTER**

<u>**MEMORANDUM OPINION**</u>

This cause comes before the Court on Defendant Region IV Community Mental Health Commission's, d/b/a Life Help Mental Health, Motion to Dismiss [53]. Plaintiff Moody has responded in opposition to this motion, and the Court having considered the submissions of the parties is prepared to rule.

**Factual and Procedural Background**

Plaintiff Moody filed a Complaint [1] on April 14, 2021, in which she stated that she began her employment with Life Help Mental Health ("Life Help") on October 1, 2012, as a Day Treatment Assistant. After eight years with Life Help she had obtained the title of Program Assistant. Despite her promotion(s), Moody reported being subjected to, in her words, "numerous baseless write-ups regarding her employment and performance." [1]. The last negative performance report was filed against Moody on August 7, 2020. At that time Moody was called into a meeting with Carter, the Program Coordinator, regarding the disciplinary action report that was written by Brownlow, Moody's Supervisor. Brownlow's report cited the "following infractions: failure to follow instructions, improper conduct, and inappropriate language." [1]. As a result of the reported infractions, Moody was terminated on August 11, 2020. Moody contested all of Brownlow's accusations in the August 7 report and stated that they had no validity. There

1

was a hearing regarding Moody's dismissal on August 22, 2020, in which Life Help "concluded that they would no longer pursue employment with [Moody]." [1].

In response to her dismissal, Moody filed this Complaint against Defendants Life Help, Supervisor Brownlow, and Program Coordinator Carter alleging civil rights violations and wrongful employment practices. More specifically, Moody claims that because she had filed a prior Equal Employment Opportunity Commission ("EEOC") claim in July of 2019 against Life Help *only*, not Angela Carter and Rosie Brownlow ("Individual Defendants"), for sexual harassment she was retaliated against by all defendants, in violation of Title VII of the Civil Rights Act of 1964, as amended, and in violation of 42 U.S.C. §1981a. In other words, Moody believes Life Help and its employees acted in retaliation for her previous EEOC sexual harassment claim when later citing her for misconduct and terminating her employment.

Moody timely filed a claim of retaliation with the EEOC on or about January 14, 2021. She received the EEOC determination letter on January 28, 2021, which stated, "[T]he EEOC is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." [1]. Having received this EEOC determination letter, Moody's administrative requirements were satisfied, and she was able to proceed with this case.

The Individual Defendants filed Motions to Dismiss for failure to state a claim as to Count I (Sexual harassment prior to termination), Count II (Retaliation during employment), and Count III (Retaliatory discharge). The Individual Defendants' motions to dismiss [6, 18] were granted by the Court [32], and the case was left to proceed against Life Help as to only counts I and II.

2

**Standard**

To survive a Rule 12(b)(6) motion to dismiss, the Fifth Circuit has made clear that "a complaint . . . must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the motion to dismiss stage, the question is whether, "the complaint states any legally cognizable claim for relief." *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). To survive dismissal, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (quoting *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010)). However, "[d]ismissal is proper if the complaint fails to allege a required element of the offense." *Bazan v. White*, 275 F. App'x. 312, 312-13 (5th Cir. 2008) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

**Discussion**

**I.     Count 1 – Claims based upon sexual harassment prior to termination**

The first of the two remaining counts in Moody's complaint is a claim based upon sexual harassment prior to termination. Moody alleges that Life Help subjected her to a "hostile work environment, or pervasive sexual harassment." [1]. Moody further specifies that the adverse treatment was due to sexual harassment.

Life Help argues in its motion to dismiss that Moody failed to exhaust her administrative remedies as to any claim for sexual harassment/sexually hostile work environment because Moody did not check the box for "sex" on the present retaliation EEOC charge. Life Help also argues that the EEOC charge was untimely, as the charge was not submitted to the EEOC within 180 days of

3

the alleged harassment. Lastly, Life Help argues that even if Moody timely exhausted her administrative remedies under Title VII with respect to her sexual harassment claim based on hostile work environment, Moody's complaint does not contain specific allegations in support of her sexual harassment claim based on hostile work environment.

The Court previously acknowledged in its Order [32] that the record is completely devoid of any specific facts as to the sexual harassment claim. While specific facts are not required to state a plausible claim, Moody must allege facts that when assumed to be true raise a right to relief above the speculative level. To establish a sexual harassment claim based on hostile work environment, Moody must show: "(1) that she belongs to a protected class; (2) that she was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment affected a 'term, condition, or privilege' of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt remedial action." *Harvill v. Westward Commn'cs, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005); *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999). Where the alleged harasser is a supervisor with immediate or higher authority over the harassed employee, only the first four elements of the test need to be met. *Watts*, 170 F.3d at 509 (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 807, 118 S.Ct 2275, 141 L.Ed.2d 662 (1998)).

While giving plaintiff Moody benefit of the doubt with the timeliness of her EEOC charge and exhausting her administrative remedies, Moody still fails to state a claim upon which relief can be granted. Moody's complaint vaguely alleges that she was subjected to pervasive sexual harassment by a co-worker and treated adversely due to the harassment. The only other mention of sexual harassment is Moody's previous EEOC charge from 2019 where sexual harassment was alleged, and the present EEOC charge in which Moody states her belief that she was discharged

4

for filing her previous EEOC charge of sexual harassment against her co-worker. Moody's conclusory allegation that she has been the subject of sexual harassment discrimination is insufficient to establish a claim when unsupported by any factual evidence. *Vance v. Union Planters Corp.*, 209 F.3d 438, 444 (5th Cir. 2000). Moody merely states that she was subjected to sexual harassment without presenting any facts to support the claim, simply reciting the elements of a sexual harassment/sexually hostile work environment claim. The allegations are insufficient to support a reasonable inference that Moody experienced sexual harassment and a hostile work environment based on sexual harassment, as Moody has not plead sufficient factual content, thus the claim lacks facial plausibility. *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017). Therefore, Life Help's motion to dismiss is granted as to Moody's sexual harassment/sexually hostile work environment claim.

## II. Count II: Claims based on acts of retaliation under Title VII, during employment prior to termination

Plaintiff's second count alleges that she was retaliated against by Life Help prior to termination through the perpetuation and allowance of a hostile work environment due to complaining about conduct reasonably believed to be sexual harassment when she submitted the charge of sexual harassment to the EEOC.

Life Help first argues that Moody failed to exhaust her administrative remedies with her retaliatory hostile work environment claim. Life Helps states that Moody's present EEOC charge complains solely of her allegedly retaliatory termination and makes no mention of any retaliatory acts prior to termination.

The scope of an EEOC charge should be liberally construed and EEOC complaints are broadly construed. *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). "A Title

5

VII lawsuit may include allegations like or related to allegations contained in the EEOC charge and growing out of such allegations during the pendency of the case before the Commission." *Id*. Life Help argues that Moody only complained of retaliatory termination in the present EEOC charge and not pre-termination retaliatory acts. Moody's EEOC charge asserts that she was retaliated against in violation of Title VII for complaining of sexual harassment and also discharged for the same reasoning. The Court finds that a claim for pre-termination retaliation for events leading up to the termination are within the scope of the EEOC complaint and reasonably expected to grow from this charge of discrimination. Moody described the general nature of the claim in the narrative section of the charge, which contains her broad allegation of being retaliated against for filing a sexual harassment complaint.

Moody appears to assert both a claim of retaliation and a claim of retaliatory hostile work environment. For a retaliation claim, a plaintiff must show that (1) she engaged in protected conduct, (2) an adverse employment action took place, and (3) there was a causal link between the two.

Plaintiff has pled sufficient facts to show that she engaged in a protected activity. Moody filed an EEOC charge in July 2019 alleging sexual harassment. "An employee has engaged in protected activity when she has (1) opposed any practice made an unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII." *Thompson v. Somervell Cty., Tex.*, 431 Fed. Appx. 338, 341 (5th Cir. 2011).

The second element of a retaliation claim requires Moody to show that an adverse employment action took place. For an employer's act to qualify as a materially adverse action, "a plaintiff must show that a reasonable employee would have found the challenged action materially

6

adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.E.d.2d 345 (2006). Moody has alleged that she received a disciplinary action report containing three infractions, all of which Moody states were baseless. Moody further alleges that evidence was submitted that showed no misconduct on her part. Moody also alleges that due to these baseless infractions, she was suspended with pay while an investigation took place. Disciplinary write-ups generally are not adverse employment actions, particularly when they are issued in response to work-rule violations and do not dissuade the employee from pursuing complaints. *Grice v. FMC Techs., Inc.*, 216 Fed.Appx 401, 407 (5th Cir. 2007). A suspension with pay, followed by reinstatement and no loss of benefits, is not an adverse employment action. *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 331-32 (5th Cir. 2009). While the Court acknowledges that Moody was not reinstated to her position, the complaint states that this claim is specifically regarding "retaliation … during employment prior to termination[.]" [1]. Therefore, Moody's termination is not alleged as a factor of consideration for this claim.

To state a retaliation claim, Moody must also allege a causal connection between the protected activity and the adverse employment actions. While Moody's allegations regarding causality are not entirely clear, the Court can reasonably infer from the pleadings that the supervisor's plot to terminate her, "baseless write-ups", and other harassment began after Moody's sexual harassment EEOC charge in July of 2019. The alleged harassment occurring after Moody's 2019 EEOC charge represents at least a causal turning point in her claim. The Court can also infer from the pleadings that the alleged instances of harassment continued once Moody stated to Life Help her belief that she was being plotted against to be terminated.

Moody's final attempt to state a retaliation claim is through the "work-rule" doctrine. In work rule violation cases such as this, a plaintiff may establish a prima facie case by showing "that he did not violate the rule…" for which she was disciplined. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995). Moody not only alleges that the work rules were not violated, but also claims that proof exists and was shown to Life Help demonstrating this. Again, Moody is not required to plead a prima facie case, but must only plead a plausible claim. Accordingly, Mood has stated a plausible claim for relief under a Title VII retaliation claim.

The Fifth Circuit has not explicitly decided whether "retaliatory hostile work environment" is a cause of action, however, both district courts and the Fifth Circuit have addressed retaliatory hostile work environment claims in substance. As in *McCorvey*, this Court will also assess Moody's claim under "modified factors" from Title VII's retaliation and hostile work environment causes of action. *McCorvey v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, No. 2016 WL 8904949, at *12 (W.D. Tex. Dec. 21, 2016). Using the modified factors for a retaliatory hostile work environment claim, a plaintiff must show: (1) she engaged in protected conduct, (2) unwelcome harassment, (3) causal connection between the harassment and protected activity, (4) harassment that affects a term, condition, or privilege of employment, and (5) the defendant knew or should have known of the harassment, yet failed to take prompt remedial action. *Id*. at 11. Proceeding under these modified factors, Moody has stated a plausible cause of action for retaliatory hostile work environment.

As established above in the analysis of Moody's retaliation claim, Plaintiff has pled sufficient facts to show that she engaged in a protected activity.

According to the complaint, Moody experienced unwelcome harassment during her employment when she received multiple "baseless write-ups" and was suspended prior to her

termination. This element of the claim ties in with the fourth element of a retaliatory hostile work environment claim, which requires a showing that the harassment affects a term, condition, or privilege of employment. Life Help argues that Moody's alleged harassment does not constitute the severe harassment the Fifth Circuit requires to make a hostile work environment actionable under Title VII. Harassment must be "sufficiently severe or pervasive" to "create an abusive working environment." *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). The harassment must be sufficiently severe or pervasive to alter term, condition, or privilege of employee's employment. *Hernandez v. Yellow Transp., Inc.,* 670 F.3d 644, 651 (5th Cir. 2012). Life Help argues that a single warning does not meet this standard; however, Moody has alleged that there was not only a warning but that she was plotted against by her supervisor due to her previous EEOC charge, given multiple baseless "write-ups" after being reported by her co-workers and supervisor, suspended, and ignored when she provided proof establishing the write-ups as baseless at a pre-termination hearing. Moody's allegations are sufficient under the 12(b)(6) standard when taken as true.

Returning to the third element of a retaliatory hostile work environment claim, Moody must show a causal connection between the harassment and protected activity. Following the same reasoning when discussing the causal connection regarding Moody's retaliation claim, the Court finds that a plausible causal connection has been sufficiently alleged.

The fifth element of a retaliatory hostile work environment claim is that Life Help knew or should have known of the harassment, yet failed to take prompt remedial action. Moody's allegations establishing this element, are slightly unclear. Moody states that immediately after being written up for misconduct, she explained to the Program Coordinator that the write ups were baseless, and she believed her supervisor had written her up due to her previous EEOC charge.

9

Moody asserts that this statement giving Life Help notice of the believed harassment took place before other alleged harassment. Moody specifically notified Life Help of the alleged harassment before she was suspended and before she presented two exhibits to Life Help showing the write ups were baseless.

Further, even if Moody was unable to establish the elements of a retaliatory hostile work environment claim, a Title VII plaintiff may establish a prima facie case by showing that she did not violate that rule. *Mayberry*, 55 F.3d at 1090.

Accordingly, Moody has stated a plausible claim for relief with the Title VII retaliatory hostile work environment claim.

## Conclusion

**ACCORDINGLY,** the plaintiff's pleadings lack sufficient factual allegations to state a claim for Count 1, sexual harassment/sexually hostile work environment. However, plaintiff has sufficiently pled facts to state a claim for Count 2, retaliation/retaliatory hostile work environment

Life Help's Motion to Dismiss [53] is hereby **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED AND ADJUDGED**, this the 14th day of April, 2022.

        /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**